# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORLANDO NORIEGA COLOMBANI**<br><br>*Plaintiff,*<br><br>vs.<br><br>**COOPERATIVA DE AHORRO Y CRÉDITO DE RINCÓN**<br><br>*Defendant.* | CASE NO. **22-ap-00026 MCF** |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant, **Cooperativa de Ahorro y Cédito de Rincón** ("CACR"), through the undersigned counsel, in response to each of the specific allegations in the Complaint, respectfully sets forth its answers and defenses, paragraph, as follows:

1. The allegations contained in paragraph three (3) of the Complaint are conclusions of law, which do not require a responsive pleading. If required, it is denied that Plaintiff has standing or a valid cause of action against the defendant and it is admitted only insofar as venue is proper.

2. The allegations contained in paragraph two (2) of the Complaint are admitted.

3. The allegations contained in paragraph thee (3) of the Complaint are admitted.

4. The allegations contained in paragraph four (4) of the Complaint are admitted.

5. The allegations contained in paragraph five (5) of the Complaint are admitted.

6. The allegations contained in paragraph five (5) of the Complaint are admitted.

7. The allegation contained in paragraph seven (7) of the Complaint are denied.

8. The allegations contained in paragraph eight (8) of the Complaint are admitted.

9. The allegations contained in paragraph nine (9) of the Complaint are admitted.

10. The allegations contained in paragraph ten (10) of the Complaint are denied, as stated. CACR foreclosed upon, and sought eviction from, its mortgage collateral as stipulated with Debtor.

11. The allegations contained in paragraph eleven (11) of the Complaint are denied, as stated. CACR foreclosed upon its mortgage collateral as stipulated with Debtor.

12. The allegations contained in paragraph twelve (12) of the Complaint are admitted.

13. The allegations contained in paragraph thirteen (13) of the Complaint are denied.

14. The allegations contained in paragraph fourteen (14) of the Complaint are denied.

15. The allegations contained in paragraph fifteen (15) of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

CACR incorporates herein all affirmative defenses previously herein stated. CACR reserves the right to amend this Answer pursuant to any findings during discovery and reserves the right to file a third-party complaint against any party whom may be directly liable to Plaintiff.

1. The Complaint fails to state a claim upon which relief can be granted against CACR and in favor of Plaintiff.

2. At all times material to the facts alleged in the Complaint, CACR acted in good faith and in conformity to its legal rights and obligations.

3. The automatic stay provisions found in 11 USC §362(a) serve to protect a Bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, <u>not legal actions taken within the Bankruptcy court</u>.

4. In the unlikely event that Debtor has suffered any actual damages, which is denied, the damages alleged in the Complaint are speculative, exaggerated, arbitrary and remote.

5. CACR foreclosed upon its mortgage collateral, as stipulated with Debtor.

6. At no time material to the facts alleged in the Complaint did CACR exceed its legal rights.

7. Plaintiff has failed to join and serve indispensable parties without which a complete remedy can be obtained.

8. Defendant does not have any liability towards plaintiff under the facts alleged in the Complaint.

9. Plaintiff's claims are frivolous and Plaintiff acts with temerity in litigating this claim, exposing Plaintiff to the imposition of attorney's fees in favor of defendant.

10. Plaintiff is estopped from prosecuting this action.

11. Plaintiff is precluded from asserting any claims by the doctrine of unclean hands.

12. Plaintiff seeks to unjustly enrich herself.

13. Plaintiff has failed to mitigate damages.

14. Equitable estoppel.

15. Collateral estoppel by judgment.

16. Plaintiff cannot go against his own acts.

17. Plaintiff does not have standing to file the claim or request the remedies stated herein.

18. Res judicata.

19. The adversary proceeding is not the correct vehicle to pursue the remedies requested therein.

20. CACR reserves the right to add or withdraw affirmative defenses or denials, including the right to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as they may be discovered or identified as a result of further proceedings in the case.

**WHEREFORE**, CACR respectfully requests that this Honorable Court dismiss the Complaint, in its entirety, with the imposition upon Plaintiff of costs and attorney's fees.

**CERTIFICATE OF SERVICE**: It is hereby certified that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail, and by regular mail to debtor(s) address of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 17th day of August, 2022.

**EDGE Legal, LLC**
252 Ponce de Leon Ave.,
City Tower Suite 1200
San Juan, Puerto Rico 00918
Tel. (787) 522-2000
Fax (787) 522-2010

*s/Eyck O. Lugo-Rivera*
**Eyck O. Lugo-Rivera**
USDC-PR No.: 216708
E-MAIL:*elugo@edgelegalpr.com*